UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JONATHAN FAUROT,                                                         No. 10-11948

                      Debtor(s).
_____/

Memorandum on Motion for Relief from Automatic Stay
_____

      Creditor Aurora Loan Services, LLC, has moved the court for relief from the automatic stay. It alleges that it holds a first deed of trust on the debtor's real property at 41425 Little Lake Road, Mendocino, California, securing a claim of about $696,000.00. The junior deed of trust holder is owed almost $180,000.00, and the debtor's schedules admit that the value of the property is only $699,000.00, so there is no equity making relief mandatory pursuant to § 362(d)(2) of the Bankruptcy Code. For some reason the court does not understand, the debtor vigorously opposes the motion.[1]

      Disputes over the validity of liens are required to be litigated in by adversary proceeding pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure. Such issues are not properly

---

[1] The debtor's discharge is due on September 8, 2010. This will end the automatic stay by operation of law pursuant to § 362(c)(2)(C). *In re Munoz,* 287 B.R. 546, 551(9th Cir. BAP 2002). This is only 45 days away. It will take a few days to enter the order, and the court did not waive the 14-day stay provided by FRBP 4001(a)(3). Thus, we are only dealing with a matter of 20 or 25 days extra days of protection even if the court were to deny the motion.

1

considered in a stay relief motion, as the moving party need only demonstrate a colorable right; the validity of underlying claims is not litigated. *In re Johnson*, 756 F.2d 738, 740 (9th Cir.1985); *In re Robbins*, 310 B.R. 626, 631 (9th Cir. BAP 2004). The debtor does not contest that he has no equity in the property. His only argument is that Aurora has not satisfactorily established that it is the current beneficiary under the Note "and/or" deed of trust and this, "without more, falls short by its own vagueness and is a critical factor to be considered when analyzing the ability to enforce a mortgage debt."

What amounts to a "colorable claim" of course varies from case to case. The party opposing the motion has the burden of proof on all issues except equity pursuant to § 362(g)(2). If the opposing party fails to show a reasonable likelihood of prevailing, relief at the preliminary hearing is mandatory pursuant to § 362(e)(1). In this case, Aurora has produced the note signed by the debtor. The debtor's schedules identify Aurora as having a claim secured by a first deed of trust to the property, and do not even identify it as disputed. In light of these admissions, the court has no difficulty in finding that Aurora's claim is colorable. This is of course not a determination of anyone's rights, and the court will make it clear in its order that the debtor retains all rights to contest Aurora's foreclosure for any reason.

For the foregoing reasons, the court will grant the motion. Counsel for Aurora shall submit a form of order which provides that it is not a determination of Aurora's right to foreclose and that it is made without prejudice to any rights the debtor may have to contest the foreclosure in any court having jurisdiction.

Dated: July 23, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge